UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| YOUSSOUPHA JADAMA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JACOB ROMERO et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:26-CV-110-DBB<br><br>District Judge David Barlow |

Plaintiff Youssoupha Jadama, acting *pro se*, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2026).[1] Having screened the Complaint, ECF No. 1, under its statutory review function, 28 U.S.C.S. § 1915A (2026),[2] the Court now orders Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2026).

[2] The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

## A. COMPLAINT'S DEFICIENCIES

The Complaint:

**1.** possibly improperly alleges civil-rights violations on a *respondeat superior* theory. (See below.)

**2.** generally does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights violation. (See below.)

**3.** does not adequately link *each element* of a failure-to-protect claim to specific named defendant(s). (See below.)

**4.** does not concisely link *each element* of the claim of delayed medical treatment to each individually named defendant. (See below.)

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2026).

2

Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

5. Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

7. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2026). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

8. *Respondeat superior*. The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat superior* liability under § 1983. *See id.* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v.*

*Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an

employer-employee relationship with a claimed tortfeasor. *See Monell*, 436 U.S. at 689.

Supervisors are considered liable for their own unconstitutional or illegal policies only, and not

for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### 9. Affirmative Link.

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that
> when plaintiff brings § 1983 claims against multiple defendants, "it
> is particularly important . . . that the complaint make clear
> exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v.
> Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998))
> (holding that district court's analysis of plaintiff's § 1983 claims
> was "infirm" where district court "lump[ed]" together plaintiff's
> claims against multiple defendants--"despite the fact that each of
> the defendants had different powers and duties and took different
> actions with respect to [plaintiff]"--and "wholly failed to identify
> specific actions taken by particular defendants that could form the
> basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." *Id*.

5

**10. Failure to protect.** Here are the standards governing this type of claim:

> The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). This obligation includes a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotations omitted). "To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present[ed] an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). To satisfy the second prong, the inmate must show that the prison official was deliberately indifferent to the inmate's health or safety. *Farmer*, 511 U.S. at 834. A prison official will not be liable unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

*Pittman v. Kahn*, No. 23-1153, 2024 U.S. App. LEXIS 3043, at *3-4 (10th Cir. Feb. 9, 2024)

(unpublished).

**11.** The following principles govern claims of inadequate medical treatment, including

delays and gatekeeper liability:

> Jail officials violate a detainee's constitutional rights through deliberate indifference whenever they knowingly ignore a "substantial risk of serious harm" to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). "Deliberate indifference has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). To meet the objective component, the harm suffered must be "sufficiently serious" to implicate the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* Under the subjective component, "the [inmate] must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* (internal quotation marks and citation omitted).
>
> "A medical need is considered sufficiently serious to satisfy the objective prong if the condition "has been diagnosed by a

physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Al-Turki v. Robinson*, 762 F.3d 1188, 1192-93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). Where, as here, an inmate is alleging that they were harmed by a delay in eventual medical treatment, the objective component of harm "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* at 1193 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Thus, this standard can be satisfied merely by "an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (citation omitted).

. . . .

There is no precise amount of suffering that makes a delay in medical care actionable. Whether pain and suffering are sufficiently serious for a deliberate indifference claim depends on context, and "[e]ven a brief delay [in medical treatment] may be unconstitutional." *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005)

. . . .

The subjective component requires a defendant to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

. . . .

A jail official exhibits deliberate indifference if he "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays or refuses to fulfill that gatekeeper role due to deliberate indifference[.]" *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000).

*Hardy v. Rabie*, 147 F.4th 1156, 1164–66 (10th Cir. 2025).

### C. MOTION FOR APPOINTED COUNSEL

Plaintiff moves for "appointment of counsel." ECF No. 4.

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent

plaintiff free of charge.[3] *See* 28 U.S.C.S. § 1915(e)(1) (2026) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Plaintiff has not met his burden here of convincing the Court that Plaintiff's claim has enough merit to warrant such a request of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Additionally, "[i]t is not enough" for Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

In deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)

---

[3]The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

(cleaned up); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Further, there is no valid complaint on the docket as of this Order. For these reasons, the Court denies for now Plaintiff's motion for the Court to request counsel to represent Plaintiff *pro bono*. ECF No. 4.

## D. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within 120 days cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. ECF No. 1.

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint, filed February 6, 2026. *Id.* The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal. And if there are any valid claims and defendants, Plaintiff will be responsible to effect service on the defendants.

**5.** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**9.** Plaintiff's motion for "appointment of counsel" is **DENIED**. ECF No. 4. However, if-- after the case develops further--it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. The Court will continually

reevaluate the need for counsel; thus, no further motions for the Court to request *pro bono*

representation are needed.

DATED this 29th day of June, 2026.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court

11